UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAHSHON JACKSON,

                                                 CR-95-4684 (TCP)
                    Plaintiff,

                                               **MEMORANDUM
                                               OPINION and ORDER**

          - against -


SUFFOLK COUNTY HOMICIDE BUREAU
and THOMAS P. HUGHES,

                   Defendants.
------------------------------------------------------------X
PLATT, District Judge.

        On January 20, 1998, the Second Circuit Court of Appeals vacated this Court's April 18, 1997 decision dismissing Plaintiff Nahshon Jackson's ("Jackson") 42 U.S.C. § 1983 claims against Defendants Suffolk County Homicide Bureau and Thomas P. Hughes (collectively "Defendants"). *Jackson v. Suffolk County Homicide Bureau*, 135 F.3d 254 (2d Cir. 1998). Jackson, who was convicted in 1994 for felony murder, seeks damages against Defendants for (i) using excessive force during the course of his interrogation in violation of his Fifth Amendment rights and (ii) taking nude photographs of him without his consent during his post-arrest interrogation and then displaying these photographs

1

during his trial in violation of his First Amendment freedom-of-religion and privacy rights (collectively "religion/privacy claims").

**Background**

This Court dismissed without prejudice Jackson's original complaint filed in 1995, as well as his May 1996 amended complaint (which added the religion/privacy claims), on the ground that because his criminal conviction was pending an appeal in which he advanced essentially the same claims as he does here, Jackson's § 1983 claims were premature in accord with the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the United States Supreme Court held that in order to recover under a § 1983 claim for an allegedly unconstitutional conviction or imprisonment, a plaintiff must show that the conviction was reversed or declared invalid by a tribunal authorized to do so. *Id.* at 486-87. Accordingly, this Court decided that a judgment in favor of Jackson on either of his constitutional claims would necessarily imply the invalidity of his criminal conviction before the New York State Appellate Division decided his appeal.

In its review of this Court's decision, the Second Circuit Court of Appeals stated that *Heck v. Humphrey* does not require district courts to refrain

from deciding a § 1983 claim derived from a criminal conviction still pending appeal in the New York Appellate Division. "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." 512 U.S. at 487. As such, this Court could render a decision on Jackson's claims because a decision on either claim would not necessarily disrupt Jackson's criminal conviction. Specifically, the Second Circuit Court of Appeals held that "a claim of excessive force lacks the requisite relationship to the conviction" and "plainly the religion/privacy claims would not, even if successful, indicate the invalidity of Jackson's conviction." *Jackson*, 135 F.3d at 256-57. *See also Smith v. Fields*, No. 95 Civ. 8374, 2002 U.S. Dist. LEXIS 3529, at *12 (S.D.N.Y. March 1, 2002)(holding that it is "well established than an excessive force claim does not usually bear the requisite relationship under *Heck* to mandate its dismissal").

Following the issuance of the Second Circuit Court of Appeals's decision, Jackson filed on February 7, 1998 a motion to amend his Complaint a second time, requesting the addition of Suffolk County as a defendant.

The following analysis addresses both the Second Circuit Court of Appeals's January 1998 decision and Jackson's subsequent motion to further

amend his complaint.

**Analysis**

I. Questions on Remand

A. Excessive Force

The Second Circuit Court of Appeals mandated that this Court enter a stay as to Jackson's Fifth Amendment claim pending the outcome of his appeal. Jackson's conviction was ultimately affirmed, thus it is unnecessary to declare a stay at this time. *See People v. Jackson*, 241 A.D.2d 526, 663 N.Y.S.2d 988 (2d Dept. 1997), *cert. denied*, 523 U.S. 1061 (1998).

Jackson argued in his State appeal that his conviction should be set aside because, among other things, the Suffolk County Police Officers (led by Detective Hughes who conducted his arrest) used excessive force in order to coerce him into making confessions that were later used against him at trial. The Appellate Division, Second Department, reviewed this claim and decided that i) Jackson failed at trial to object to the introduction of the allegedly coerced statements, and ii) even if Jackson had objected at trial and preserved the issue for appellate review, "the court properly denied suppression of the statements inasmuch as the evidence adduced at the hearing established that they were made

after [Jackson] knowingly, intelligently, and voluntarily waived his *Miranda* rights." *Jackson*, 241 A.D.2d at 526.

According to the Second Circuit's analysis, the Appellate Division's finding that Jackson's confessions were uncoerced, does not necessarily render his § 1983 excessive force claim torpid as a result of *Heck v. Humphrey*. *See Jackson*, 135 F.3d at 256-57. Specifically, the Second Circuit Court of Appeals held that just because the State determines that Jackson's confessions were not the result of the use of excessive force, this Court may still find that the Defendants used excessive force against Jackson during his arrest. *Id.; see also Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001)("Police might well use excessive force in effecting a perfectly lawful arrest . . . a claim of excessive force in making an arrest does not require overturning the plaintiff's conviction even though the conviction was based in part on a determination that the arrest itself was lawful"). In other words, this Court could still decide that the Defendants employed excessive force in violation of Jackson's Fifth Amendment rights *at some point during his arrest*, even though the arrest and interrogation were found to be lawful by a court authorized to do so.

Nevertheless, a review of Jackson's 1996 Amended Complaint finds that Jackson alleged that the only time Defendants used excessive force was

during the course of his interrogation:

> First Claim: While I was in the custody of members of the Suffolk County Police Dept., I was coerced and threatened against my own free will, *as part of interrogation* . . .

and,

> Second Claim: That on 11/24/02, I was physically abused and beaten by a member of the Suffolk County Police, Thomas Hughes, *throughout the interrogation process of my arrest*.

Amended Complaint, Sect. IV (emphasis added).

The Appellate Division definitively decided that Jackson's confessions were uncoerced. As such, Jackson's Fifth Amendment claim for the excessive use of force must be dismissed as this claim as alleged bears a direct relationship to his conviction which was ultimately affirmed. *Heck v. Humphrey*, 512 U.S. at 487. A decision by this Court to the contrary, i.e., that the Suffolk County detectives who interrogated Jackson used excessive force in order to extract a confession, would likely render the Appellate Division's decision - and ultimately Jackson's criminal conviction - invalid.

B. Religion/Privacy claims

Jackson asserted two religion/privacy claims in his 1996 amended complaint. The first, that the Defendants took nude photographs of Jackson

during his interrogation and the second, that the prosecutor publicly displayed these same photographs during Jackson's criminal trial.

Citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)(establishing a three year statute of limitations for § 1983 in New York State), the Second Circuit Court of Appeals noted that because Jackson's original complaint filed on November 13, 1995 did not contain a religion/privacy claim, Jackson's first religion/privacy claim is therefore barred by the three year statute of limitations. *Jackson*, 135 F.3d at 256. Jackson was in police custody on November 22-25, 1992, but the religion/privacy claims initially appeared in Jackson's Amended Complaint filed in May 1996, more than three years later. *Id.* The religion/privacy claims did not toll the Statute of Limitations as this claim does not "relate back" to the original complaint. *Id.* In order to toll the Statute of Limitations, a new claim must be found to arise out of the same conduct alleged in the original complaint:

> There are . . . three requirements that must be met prior to permitting this amended complaint to relate back to the original timely complaint. First, both complaints must arise out of the same conduct. Second, the additional defendant received notice of the action within 120 days from the filing of the original complaint. Third, the additional defendant was not named in the original complaint because of mistake.

*Berrios v. Sprint Corp.*, No. CV-97-008, 1997 U.S. Dist. LEXIS 19259, at *13-14

(E.D.N.Y. Nov. 13, 1997).[1] The Second Circuit Court of Appeals declined to decide whether Jackson's second religion/privacy claim - concerning the display of the photographs at trial - is also barred, and left to this Court "the further exploration of the timeliness of the [second] religion/privacy [claim]." *Jackson* 135 F.3d at 487.

At first glance, Jackson's second religion/privacy claim appears to survive the three year statute of limitations because his criminal trial took place in November 1994, less than three years before Jackson submitted his 1996 Amended Complaint. (Amended Complaint ¶ 7) Upon closer inspection, however, Jackson's second religion/privacy claim must nevertheless be dismissed

---

[1] Federal Rule of Civil Procedure 15(c). Relation Back of Amendments.

An amendment of a pleading relates back to the date of the original pleading when ...

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within [120 days of filing the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

as his 1996 Amended Complaint fails to identify a defendant. Jackson's 1996 Amended Complaint identifies as defendants Suffolk County Homicide Department and Thomas Hughes, neither of whom had anything to do with presenting the People's case against Jackson at trial, i.e. the display of the nude photographs. As such, Jackson's second religion/privacy claim fails to state a claim and must be dismissed.

II. <u>Motion to Amend</u>

Following the Second Circuit Court of Appeals's decision in January 1998 to vacate and remand this Court's 1997 decision - and more than three years after Jackson's criminal trial - Jackson requested leave from this Court to further amend his complaint pursuant to Fed. R. Civ. P. 15(a) in order to add Suffolk County as a defendant and responsible party for his second religion/privacy claim. (Proposed Amended Complaint ¶ 4) Jackson's proposed amendment, however, fails to meet the requirements of Fed. R. Civ. P. 15(c)(2)-(3), in that he is unable to demonstrate that he failed to identify Suffolk County in the 1996 Amended Complaint as a result of a mistake of law or fact.

Jackson asserts that "but for plaintiff's mistakes as to the technicalities of constitutional tort law, plaintiff would have named the County of

Suffolk in the original amended complaint [sic], within the three year time period." (Pl.'s Mem. Am. at 2)  Defendants argue that Jackson should not be permitted to amend his complaint a second time as he cannot satisfy the "relation back" requirement of Fed. R. Civ. P. 15(c)(2)-(3) because Jackson "made no attempt to sue either the individual prosecutor nor [Suffolk County], the employing entity, within the [statute of limitations] period." (Defs.' Opp. Mem. Mot. Am. at 3)  The question therefore is whether Jackson's failure to name Suffolk County as a defendant falls withing the meaning of "a mistake" of law or fact under Rule 15(c).

"Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identity individual defendants *when the plaintiff knows that such defendants must be named* cannot be characterized as a mistake." *Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 470 (2d Cir. 1995) modified 74 F.3d 1366 (2d Cir. 1996)(emphasis added).  Moreover, "A plaintiff is not considered to have made . . . a 'mistake' . . . if the plaintiff knew that he was required to name an individual as a defendant but did not do so." *Yerushalayim v. United States Dep't of Corr.*, 374 F.3d 89, 92 (2d Cir. 2004) *quoting Malesko v. Corr. Servs. Corp.*, 229 F.3d 374, 383 (2d Cir. 2000), *rev'd on other grounds*, 534

U.S. 61 (2001). *See also Vineyard v. County of Nassau*, 329 F. Supp. 2d 364 (E.D.N.Y. 2004)(denying leave to substitute a named party for the John Doe defendants because the failure to identify did not constitute a "mistake" pursuant to Fed. R. Civ. P. 15(c)(3) and the proposed amendment did not relate back to the date of the original complaint).

Defendants contend that Jackson's failure to name a responsible party within the three year statute of limitations, whether an individual or a municipality, is distinguishable from those cases in which the plaintiff, bringing a § 1983 claim, sued the employing municipality but failed to identify and name those individuals actually responsible for the alleged violation. (Defs.' Opp. Mem. Mot. Am. at 3)  For example, in *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir. 1996), a *pro se* plaintiff named the facility as the defendant in his § 1983 claim for injuries he received from other detainees during a period of pre-trial confinement.  The district court held that the plaintiff's naming of the facility as defendant, and not the individual corrections officers, was fatal to his claim because he had not alleged that the abuse he suffered was the result of an institutional failure or policy.  The Second Circuit Court of Appeals reversed and remanded, holding that the individual corrections officers should have known the law and their possible liability for the plaintiffs injuries, thus the plaintiff's

omission of their identity in his complaint met the requirement of making a "mistake" under Fed. R. Civ. P. 15(c). *Soto*, 80 F.3d at 36.

Jackson's situation is also distinguishable from *Byrd v. Abate*, 964 F. Supp. 140 (S.D.N.Y. 1997), in which a mentally ill plaintiff who suffered an attack by a fellow inmate failed to name as a defendant in his original complaint the individual corrections officer on duty. In that case, U.S. District Court Judge Robert W. Sweet held that because the plaintiff made repeated requests from the defense to disclose the name of the officer before the statute of limitations had expired, "it was the defense, rather than the plaintiff, who failed to identify the individual defendant despite Byrd's requests for that information." *Byrd*, 964 F. Supp. at 146. As such, the addition of a new defendant under these circumstances was proper under Rule 15(c), otherwise defense counsel could "eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Id.*

In this case, Jackson simply failed to seek and identify the part[ies] responsible for his second religion/privacy claim. Jackson maintains that his failure to name Suffolk County "cannot be considered a matter of choice." (Pl.'s Reply Mem. at 3) Jackson's 1996 Amended Complaint suggests otherwise.

A *pro se* plaintiff and prisoner, Jackson's 1996 amended complaint

is drafted on a prepared form. The prepared complaint form prompts *pro se* plaintiffs to identify defendants in two sections, the case caption on the first page/cover sheet, and again on page three, section III, titled "Parties." In his 1996 Amended Complaint, Jackson lists "SUFFOLK COUNTY HOMICIDE BUREAU, ET AL." as the defendants in the case caption. He later identifies the defendant as "Thomas Hughes," and the additional defendants, "Names unknown" in the "Parties" section. (Amended Complaint ¶ III(B)). Jackson correctly names the defendants whom he alleges coerced him into confessing his involvement in the robbery and took the nude photographs - his first religion/privacy claim - but he does not identify, or even attempt to identify, Suffolk County and/or the prosecutor, or any other party for that matter, related to his second religion/privacy claim.[2] Jackson's failure to identify the prosecutor is

---

[2] Even if this Court grants Jackson leave to add Suffolk County as a defendant, his complaint as proposed still fails to state a claim. Suffolk County may not be held liable for Jackson's religion/privacy claim because this claim arises out of conduct by the prosecutor who chose to display nude photographs of Jackson during trial. Prosecutors act as a "quasi-judicial officer" in the course of prosecuting a criminal matter, and as such act as representatives of the state, and not the county. *See Myers v. County of Orange*, 157 F.3d 66 (2d Cir. 1998); *Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir. 1991); *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988), *cert. denied*, 109 S. Ct. 805 (1989). Furthermore, prosecutors are immune from liability under § 1983 for actions taken during the presentation of their case. *See Imbler v. Pachtman*, 424 U.S. 409, 431(1976)(holding that state prosecutors are absolutely immune from claims arising from conduct "intimately associated with the judicial phase of the criminal

particularly unavailing, as Jackson was presumably present during his own trial and in a position to ascertain the prosecutor's name.  This is not, therefore, a case in which a § 1983 plaintiff misidentified the responsible party because of a misunderstanding of the law, or a case in which a dilatory defendant is keeping the identity of the responsible party hidden.  Jackson's response of "unknown" and "et al." when prompted to name the responsible parties therefore can not be considered a "mistake" within the meaning of Fed. R. Civ. P. 15(c) "since Plaintiff's amendment seeks to correct a lack of knowledge, rather than a mistake of fact or law . . . ." *Vineyard*, 329 F. Supp. 2d at 369.

Jackson's status as a *pro se* litigant is not an acceptable excuse. "[E]ven when a suit is brought by a *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) *quoting Barrow,* 66 F.3d at 470.

**Conclusion**

For the foregoing reasons, Jackson's request to further amend his

---

process").

complaint is **DENIED**, and his Complaint is **DISMISSED**.


       _/S/_____

       Thomas C. Platt, U.S.D.J.


Dated:      Central Islip, New York
             May 4, 2005